# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MARY RICHARDSON, TERESA ANDERSON, AND DONALD L. RICHARDSON (deceased),**
**Claimants Below, Petitioners**

**vs.)    No. 19-0467** (BOR Appeal No. 2053802)
(Claim No. 2014033756)

**WEST VIRGINIA OFFICES OF THE INSURANCE COMMISSIONER, AS ADMINISTRATOR OF THE SELF-INSURED SECURITY RISK POOL,**
**Commissioner Below, Respondent**

**and**

**EASTERN ASSOCIATED COAL, LLC,**
**Employer Below, Respondent**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Mary Richardson, Teresa Anderson, and Donald L. Richardson (deceased), by Counsel Stephen P. New, appeal the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review").[1]

The issue on appeal is dependent's benefits. On February 11, 2016, the claims administrator issued an Order denying dependent's benefits in the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision on December 12, 2018. This appeal arises from the Board of Review's Order dated April 19, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1]A response was not filed.

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The Medical Examiner's Certificate of Death dated April 23, 2012, notes that Donald Lee Richardson died on April 21, 2012, at Bluefield Regional Medical Center, listing Mary M. Mosko as his surviving spouse. The immediate cause of death was lung cancer, with other significant conditions being sepsis, brain metastases, renal failure, and hypertension. An autopsy was not performed. Mr. Richardson was granted a 10% permanent partial disability award for occupational pneumoconiosis on March 19, 1985.

An application for Fatal Dependent's Benefits was completed by Teresa E. Anderson, daughter/Administratrix of the Estate of Donald Lee Richardson. The employer was listed as Eastern Associated Coal, for whom Mr. Richardson worked from December 4, 1950, through July 1, 1988. The surviving spouse was Ms. Mosko, who was dependent on the earnings of the deceased at the date of his death. Ms. Anderson listed herself as a surviving dependent. She was not fully dependent upon the earnings of the deceased at the date of death. She stated that she stayed with him and took care of him when at home because he was totally bedridden. The document was signed on January 3, 2014.

The West Virginia Workers' Compensation Application for 104 Weeks Dependent's Benefits, which was completed by Ms. Anderson, stated that she is the daughter of the deceased. The surviving spouse, Ms. Mosko, lived with the deceased from the date of marriage to the date of his death and was actually dependent on the earnings of her husband. Ms. Anderson listed herself as a surviving dependent. However, she was not fully dependent upon the earnings of the deceased at the date of death and was not partially dependent on him. She stated that she lived with him and took care of him when he was not in the hospital because he was totally bed ridden. The document was signed on January 3, 2014.

In a report dated December 1, 2015, the Occupational Pneumoconiosis Board ("OP Board") noted that at the time of his death, Mr. Richardson was a seventy-nine-year old male who was exposed to dust while working as a coal miner. The OP Board reviewed the State of West Virginia's Death Certificate, University of Virginia's discharge summaries, PET scans, MRI studies of the brain, and CT chest studies and opined that occupational pneumoconiosis was not a material contributing factor in Mr. Richardson's death. On February 11, 2016, the claims administrator denied dependent's benefits. The petitioners protested the claims administrator's decision.

On October 9, 2017, Mr. Richardson's treating physician, Anthony Daniel Rasi, M.D., was deposed. Dr. Rasi testified that occupational pneumoconiosis made it more difficult to treat Mr. Richardson's lung cancer due to severe shortness of breath. He testified that Mr. Richardson died of lung cancer with metastasis, as well as sepsis, renal failure, and hypertension. Dr. Rasi stated that it was a combination of all of those conditions, and he believed it was a multi-factorial death. He testified that the decedent's two pack a day, twenty-year smoking history was a substantial risk factor for chronic pulmonary disease. Dr. Rasi testified that for the last year that he was treating

Mr. Richardson, none of the reports from the University of Virginia mentioned anything about pneumoconiosis. Instead, Dr. Rasi stated that they were concentrating on Mr. Richardson's lung cancer.

A final hearing was held on November 7, 2018. Jack L. Kinder, M.D., Chairman of the OP Board, testified that the death certificate lists the cause of death as lung cancer. Under other conditions, it lists sepsis, brain metastasis, renal failure, and hypertension. An autopsy was not performed. When Mr. Richardson was seen by the OP Board in 1985, an occupational pneumoconiosis diagnosis was made and 10% impairment was recommended. Dr. Kinder testified that there were no films for review at the time the OP Board made its determination on December 1, 2015. Dr. Kinder stated that, after reviewing the medical records in the file, it appears that the decedent developed lung cancer squamous cells that metastasized to the brain, and he passed away subsequent to that disease process. Dr. Kinder testified that he did not see that pneumoconiosis caused Mr. Richardson's lung cancer, hampered his treatment, or in any way materially contributed to his demise. Dr. Kinder testified that squamous cell carcinoma of the lung is associated with smoking, and the decedent had a significant smoking history. It was Dr. Kinder's opinion that occupational pneumoconiosis did not make a material contribution to Mr. Richardson's death. He stated that there is no indication that Mr. Richardson had progressive massive fibrosis that would have caused, delayed, or hampered his diagnosis or treatment. Mr. Richardson would have died when and how he did even with occupational pneumoconiosis. Dr. Kinder opined that occupational pneumoconiosis made no material contribution in Mr. Richardson's death.

On December 12, 2018, the Office of Judges concluded that the evidence establishes that occupational pneumoconiosis was not a material contributing factor in Mr. Richardson's death. The Office of Judges relied upon the OP Board's opinion that occupational pneumoconiosis made no material contribution in his death. Accordingly, the claims administrator's Order dated February 11, 2016, was affirmed. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated April 19, 2019.

After review, we agree with the decision of the Office of Judges as affirmed by the Board of Review. The appropriate test under West Virginia Code § 23-4-10(b) is not whether the employee's death was the result of the occupational injury or disease exclusively, but whether the injury or disease contributed in a material degree to death. *Bradford v. Workers' Compensation Com'r*, 185 W. Va. 434, 408 S.E.2d 13 (1991). The OP Board opined that occupational pneumoconiosis was not a material contributing factor in Mr. Richardson's death. It was the OP Board's opinion that he would have died when and from the causes of his death even without occupational pneumoconiosis. The OP Board's opinion is supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

          Affirmed.

**ISSUED: November 6, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison